UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| MARY SOWERS, as personal representative of the ESTATE OF CHARLES SOWERS, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:09 C 11829 Hon. Marvin E. Aspen |
| v. | ) ) | |
| R.J. REYNOLDS TOBACCO CO., et. al, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND OPINION**

This case arises from the Florida Supreme Court's decision in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006), and is set to go to trial in February 2015. On October 1, 2014, Defendant Phillip Morris USA, Inc. ("PM") moved for summary judgment on all of Plaintiff Mary Sowers's ("Plaintiff's") claims against it, (Dkt. 16 & 17), and Defendant R.J. Reynolds Tobacco Company ("RJ") moved for summary judgment on Plaintiff's claims for breach of express and implied warranties, (Dkt. 17). In her most recent response briefs, Plaintiff agreed to not pursue the claims at issue in these motions, except for her conspiracy claim against PM. (Dkt. 49 & 50.) Accordingly, on December 29, 2014, we granted RJ's motion entirely and granted PM's motion as to the non-conspiracy claims. (Dkt. 56 at 3–4.) At this time, the only outstanding summary judgment issue is PM's motion on Plaintiff's conspiracy claim. For the reasons discussed below, we deny that part of PM's motion.

**BACKGROUND**

Plaintiff, as personal representative of the Estate of Charles Sowers ("Mr. Sowers"), alleges survival and wrongful death claims against a number of tobacco companies, including

1

PM.  Plaintiff contends that Mr. Sowers, her husband, died in 1995 from diseases caused by an addiction to smoking cigarettes manufactured by Defendants.  (Dkt. 16, Mot. at 2.)

Although it is clear that Mr. Sowers was a smoker, the parties dispute whether he ever smoked PM manufactured cigarettes.  PM argues that there is no evidence that Mr. Sowers smoked its cigarettes, pointing to Plaintiff's deposition and Verified Fact Worksheet, in which she states that the cigarettes Mr. Sowers smoked regularly were limited to Camel, Lucky Strike, and Salem—none of which PM manufactured.  (Mot. at 2–3; Dkt. 16-1, Verified Fact Worksheet at 4; Dkt. 16-2, Mary Sowers Dep. at 34.)  PM contends that since Mr. Sowers never smoked its cigarettes, the manufacturer could not have caused Mr. Sowers's alleged injuries and cannot be liable for conspiracy.

On the other hand, in her first response to PM's motion for summary judgment, Plaintiff states that Mr. Sowers also smoked a PM brand of cigarettes called Chesterfields "regularly for many years."  (Dkt. 21, 1st Resp. at 11.)  Regardless, Plaintiff maintains that even if a jury found Mr. Sowers never smoked cigarettes manufactured by PM, PM can still be liable for conspiracy.  (Dkt. 49, 2nd Resp. at 2–3.)

**STANDARD OF REVIEW**

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008).  A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314–15 (11th Cir. 2011) (quoting *Celotex Corp. v.*

2

*Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). Once the moving party meets this initial burden, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; *see* Fed. R. Civ. P. 56(c).

In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513; *see Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1280 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" at the summary judgment stage. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## DISCUSSION

PM concedes that under *Rey v. Phillip Morris, Inc.*, 75 So. 3d 378 (Fla. Dist. Ct. App. 2011), it would not be entitled to summary judgment on conspiracy, but argues that the *Rey* court misinterpreted *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006). (Resp. at 2.) We find, however, that the reasoning in *Rey* is sound and persuasive.

In *Engle*, the Florida Supreme Court upheld the appellate court's decision to vacate judgment against two defendants because there was insufficient evidence to support the verdict. 945 So. 2d at 1276. The court noted that the defendants did not manufacture the cigarettes that allegedly caused the injury and that the jury found those defendants were zero percent at fault. *Id.* It then held that "[a] defendant who is found to be zero percent at fault for plaintiff's damages cannot be held jointly and severally liable for those damages." *Id.*

Since *Engle*, it is undisputed that tobacco plaintiffs cannot recover on products liability claims unless the plaintiff actually used a cigarette brand manufactured by the defendant. The parties disagree, however, whether this brand usage requirement likewise applies to conspiracy claims. It is true that the *Engle* court reversed both the jury's conspiracy verdict and products

3

liability verdicts without distinguishing between the rationales for each, but the most persuasive interpretation of *Engle* confines the brand usage requirement to only products liability claims. In addition to the sound reasons articulated in *Rey*, 75 So. 3d at 380–82, which we adopt here,[1] another point further supports this conclusion. In *Engle*, the appellate court did not rely solely on the lack of brand usage when it found there was insufficient evidence to support the judgments against the two defendants. To the contrary, the court also explained that there was no evidence that those defendants had knowledge about the health effects of smoking, that they participated in industry strategy meetings, or that they were involved in the creation of the Tobacco Industry Research Committee—facts which the trial court had pointed to as evidence of conspiracy. *Liggett Grp. Inc. v. Engle*, 853 So. 2d 434, 466 (Fla. Dist. Ct. App. 2003); *see Engle v. R.J. Reynolds Tobacco*, No. 94 C 08273, 2000 WL 33534572, at *3 (Fla. Cir. Ct. Nov. 6, 2000) (trial court order denying directed verdict on conspiracy claim). In lieu of the court's full discussion, the most logical interpretation of *Engle* is that the court vacated the products liability claims because the plaintiff did not use the defendants' cigarettes, and it independently vacated the conspiracy claim because there was insufficient evidence that the two defendants participated in the conspiracy.

In this case, on the other hand, PM cannot argue that it did not participate in the alleged conspiracy. Indeed, the *Engle* jury's finding that other defendants, including PM, agreed to

---

[1] Other courts have consistently rejected identical arguments from tobacco defendants, some by explicitly adopting *Rey*. *See Frost v. Lorillard Tobacco Co.*, 85 So. 3d 1209, 1210 (Fla. Dist. Ct. App. 2012) (declining to grant summary judgment on civil conspiracy claim by adopting the "well-reasoned opinion" in *Rey*); *McGhee v. R.J. Reynolds Tobacco Co.*, 81 So. 3d 638, 638 (Fla. Dist. Ct. App. 2012) (same); *see In re Engle Cases*, 3:09 C 10000 (M.D. Fla. Aug. 23, 2012) (Dkt. 759 at 4) (granting PM's motion for summary judgment as to all claims except conspiracy); *In re Engle Cases*, 3:09 C 10000 (M.D. Fla. Dec. 20, 2011) (Dkt. 425 at 3) (granting defendant's motion for summary judgment as to all claims except conspiracy).

conceal or omit information regarding the health effects of cigarettes or their addictive nature, and actually concealed that information, will have *res judicata* effect if Plaintiff establishes membership in the *Engle* class. *Engle*, 945 So. 2d at 1277; *see Rey*, 75 So. 3d at 381–82. Moreover, we agree with the *Rey* court that the elements of civil conspiracy do not turn on whether the plaintiff ever purchased or smoked the defendant's product. *See Rey*, 75 So. 3d at 381 (listing elements of civil conspiracy). Mr. Sowers's use of PM brand cigarettes is not dispositive of Plaintiff's conspiracy claim. Therefore, we deny PM's motion for summary judgment on that claim.

## CONCLUSION

For the reasons discussed herein, PM's motion for summary judgment on Plaintiff's conspiracy claim is denied. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: January 6, 2015
       Chicago, Illinois